**Amarilis COLLADO, as Administratrix of the Estate of Her Husband, John Collado, Sr., Plaintiff,**

v.

**CITY OF NEW YORK, New York City Police Department, Detective James Connolly, Sergeant Ronald Smith, and Detective James White, Defendants.**

11-CV-9041 (DAB)

United States District Court, S.D. New York.

Signed June 15, 2016

Jonathan S. Abady, Matthew D. Brinckerhoff, Samuel Shapiro, Emery Celli Brinckerhoff & Abady, LLP, New York, NY, for Plaintiff.

Caroline Ling-Yu Chen, Tobias Eli Zimmerman, Brian Christopher Francolla, Randall Marc Elfenbein, City of New York Law Department, New York, NY, for Defendants.

## MEMORANDUM AND ORDER

Deborah A. Batts, United States District Judge

Defendants the City of New York ("City"), the New York City Police Department ("NYPD"), Sergeant Ronald Smith ("Smith") and Detectives James Connolly ("Connolly") and James White ("White") have moved, by way of letter motions, to be permitted to file under seal or redact certain documents and exhibits submitted to the Court in conjunction with Defendants' Motion for Summary Judgment.[1] Plaintiff opposes such sealing. For the reasons that follow, Defendants' Motion is GRANTED IN PART and DENIED IN PART.

## DISCUSSION

■■■ There is a general presumption in favor of public access to judicial documents. Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir.2006). In Lugosch, the Second Circuit described a three-step inquiry to be used by district courts prior to permitting judicial documents to be withheld from public view. The first step is to determine whether the

---

1. The Court has decided the Motion for Summary Judgment, which will be filed this week.

document in question is, in fact, a judicial document. Id. "[T]he mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access. .... In order to be designated a judicial document, the item filed must be relevant to the performance of the judicial function and useful in the judicial process." Id. (citations and internal quotation marks omitted). However, "documents submitted to a court for its consideration in a summary judgment motion are—as a matter of law—judicial documents to which a strong presumption of access attaches." Id. at 121.

■ Once it has determined that the document in question is a judicial document, the Court evaluates the weight to be accorded the presumption of public access that attaches. Id. The Court should consider "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts. Generally, the information will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance." Id. Finally, the Court must "balance competing considerations," such as the impairment of law enforcement methods or information and the privacy interests of litigants. Id. at 120. The party seeking to file a document under seal bears the burden of demonstrating that sealing is warranted. DiRussa v. Dean

Witter Reynolds, Inc., 121 F.3d 818, 826 (2d Cir.1997).

Defendants seek a sealing order as to: documents, and related redactions, that pertain to the 2011 shooting; two exhibits that Defendants contend must be redacted based on the law enforcement privilege; and documents, and related redactions, that pertain to the 2009 Shooting.[2] The Court will consider each in turn.

■ Defendants seek to file under seal numerous internal NYPD documents pertaining to the 2011 shooting.[3] Plainly, under the standards set forth above, those documents are judicial documents subject to a strong presumption of public access. The documents comprise a significant proportion of the factual record before the Court and they pertain to matters that "directly affect" the Court's adjudication of Defendants' Motion for Summary Judgment. Indeed, it would be difficult for a member of the public to get a full picture of the Court's reasoning without access to those documents.

■ Against this strong presumption of public access, Defendants fail to articulate a compelling countervailing rationale for filing the documents under seal. Defendants argue that the documents were produced pursuant to the Protective Order agreed to by the Parties, and should therefore remain confidential. (Defs.' Ltr. to Ct., Jan. 29, 2016, at 2-3.) However, that a document was produced in discovery pursuant to a protective order has no bearing on the presumption of access that attaches

---

**2.** The Parties have separately agreed to the redaction, in two exhibits, of personal cell phone numbers. (Defs.' Ltr. to Ct., Mar. 4, 2016, at 3 n.2; Pl.'s Ltr. to Ct., Feb. 5, 2016, at 3 n.3.)

**3.** As to the 2011 shooting, Defendants seek to file under seal: transcripts of the GO-15 interviews of Smith (twice), White and Connolly, Shapiro Decl. Exs. 10-13; the IAB Report,

Shapiro Decl. Ex. 14; and the Firearms Discharge Review Board Report, Shapiro Decl. Ex. 18. (Defs.' Ltr. to Ct., Jan. 29, 2016, at 6.) Defendants also seek redactions to Plaintiff's 56.1 Statement (¶¶ 93-97) and Defendants' Responses (¶¶ 93-97), Plaintiff's Opposition Memorandum (at 3-5, 9-10, 16-17, 20-21), and Defendants' Reply Memorandum (at 15-16). (Defs.' Ltr. to Ct., Jan. 29, 2016, at 5-6.)

when it becomes a judicial document. See Raffaele v. City of New York, No. 13–CV–4607, 2014 WL 2573464, at \*2 (E.D.N.Y. June 9, 2014). Defendants additionally contend that Plaintiff "puts the cart before the horse" insofar as public disclosure should await the trial in this matter, when all of the evidence that is relevant and admissible will become public record. (Defs.' Ltr. to Ct., Feb. 12, 2016, at 1.) There is no guarantee, of course, that all of the documents Defendants seek to file under seal will later be introduced into evidence at trial, particularly where (as here) claims against certain defendants are disposed of at the summary judgment stage. And more importantly, Defendants' argument simply ignores that Lugosch, which itself concerned public access to documents underlying a pending motion for summary judgment, was abundantly clear in holding that summary judgment is an "adjudication," independent of a trial, "the basis of which should, absent exceptional circumstances, be subject to public scrutiny." Lugosch, 435 F.3d at 121 (quoting Joy v. North, 692 F.2d 880, 893 (2d Cir.1982)). Clearly, Defendants' proposed solution would frustrate that purpose.

■ Finally, Defendants characterize the documents as confidential personnel records in conclusory fashion without specifying either the "higher values" served by secrecy or the nature of any personal or tactical information those documents contain. Defendants also allude to New York Civil Rights Law Section 50–a, which presumptively prevents disclosure of police officers' personnel files "except as may be mandated by lawful court order." NYCRL § 50–a(1). Its purpose "is to protect irrelevant materials from disclosure: to prevent fishing expeditions, not to safeguard privacy itself." King v. Conde, 121 F.R.D. 180, 192 (S.D.N.Y.1988) (citing Matter of Capital Newspapers v. Burns, 67 N.Y.2d 562, 505 N.Y.S.2d 576, 496 N.E.2d 665 (1986)). However, Section 50-a "does not govern discovery in federal cases, and there is no analogue in federal law to this provision." Mercado v. Div. of N.Y. State Police, 989 F.Supp. 521, 522 (S.D.N.Y.1998). Thus, while Section 50-a arguably weighs in favor of confidentiality, its importance wanes considerably where, as here, the records in issue are unquestionably relevant.

Ultimately, the value of preserving the confidentiality of Defendants' personnel records cannot overcome the "strong presumption" in favor of public access to documents that are central to the Court's adjudication of Defendants' Motion for Summary Judgment. The Court accordingly DENIES Defendants' Motion as it pertains to the documents and redactions related to the 2011 shooting.

■ Next, Defendants urge the Court to permit the redaction of certain deposition excerpts based on the law enforcement privilege. (See Defs.' Ltr. to Ct., Mar. 4, 2016, at 2-3.) The purpose of the law enforcement privilege is "to prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation." In re Dep't of Investigation of City of New York, 856 F.2d 481, 484 (2d Cir.1988). In several passages, Defendants' proposed redactions would shield information related to law enforcement methods and individual participation in an investigation that is not relevant to this Court's summary judgment determination. The Court accordingly GRANTS Defendants' Motion to redact those passages.[4]

4. Specifically, the Court permits Defendants' proposed redactions to: Shapiro Decl. Ex. 1,

However, the fact that Connolly previously worked as an undercover, including at the time of the 2009 shooting, is a matter of public record. (See Pl.'s Ltr. to Ct., Feb. 5, 2016, Ex. B.) Moreover, Defendants do not assert that reference to Connolly's former undercover status would jeopardize any ongoing operations or compromise any law enforcement methods or sources. As Defendants have failed to meet their burden to demonstrate the applicability of the privilege as to the remainder of the requested redactions, the balance of Defendants' redaction requests based on the law enforcement privilege are DENIED.[5]

Finally, Defendants urge the Court to seal "all references to Detective James Connolly's prior use of deadly force in 2009."[6] (Defs.' Ltr. to Ct., Jan. 29, 2016, at 3.) The Court can discern no reason for the basic facts surrounding the 2009 shooting to be redacted in light of the Patrolmen's Benevolent Association press release lauding Connolly's actions.[7] (See Pl.'s Ltr. to Ct., Feb. 5, 2016, Ex. B.) Defendants' proposed redactions that would place under seal no more information than is already publicly available are accordingly DENIED.[8]

The relevance of nonpublic information concerning the 2009 shooting is altogether less clear. The Court cannot escape the conclusion that the 2009 documents, "by virtue of having been submitted to the court as supporting material in connection with a motion for summary judgment," are judicial documents. Lugosch, 435 F.3d at 121. The Court comes to that conclusion despite the fact that the "mere filing of a paper or document with the court is insufficient to render that paper a judicial document." Id. at 119.

Although necessarily regarded as judicial documents, in terms of their role in and relevance to the Court's adjudication of Defendants' Motion for Summary Judgment, the 2009 documents fall squarely within the category of documents "that come within a court's purview solely to insure their irrelevance." Lugosch, 435 F.3d at 121. Indeed, aside from Smith's knowledge of the basic parameters of the incident, the nonpublic information regarding the 2009 shooting that Defendants seek to file under seal or in redacted form is irrelevant to Defendants' Motion for Summary Judgment. The Court therefore places scant weight in the presumption of

at 86:10-16, 87:11-18; Shapiro Decl. Ex. 2, at 41:21-25.

5. Specifically, the Court denies Defendants' proposed redactions to: Shapiro Decl. Ex. 1, at 54:15-24, 57:8-9, 71:22-24, 84:2-25, 85:7-14; Shapiro Decl. Ex. 2, at 54:2-14.

6. Defendants seek to file under seal a Firearms Discharge Review Board Report regarding the 2009 incident, Shapiro Decl. Ex. 17; and an excerpt from Connolly's deposition discussing the 2009 shooting, which is attached as an exhibit to Defendants' Reply Memorandum, Zimmerman Decl. Ex. I. (Defs.' Ltr. to Ct., Jan. 29, 2016, at 6.) Defendants also seek redactions to several documents: Shapiro Decl. Ex. 1, Shapiro Decl. Ex. 2, Plaintiff's 56.1 Statement (¶¶ 46-51) and

Defendants' Responses (¶¶ 46-51), Plaintiff's Opposition Memorandum (at 1-5, 18-19) and Defendants' Reply Memorandum (at 10, 12-14). (Defs.' Ltr. to Ct., Jan. 29, 2016, at 5-6.)

7. As of the date of this Order, the press release remains available online. Finest of the Finest, PATROLMEN'S BENEVOLENT ASS'N (Nov. 19, 2009), https://nycpba.org/archive/releases/09/pr091119-finest.html.

8. Specifically, the Court denies Defendants' proposed redactions to the following: Shapiro Decl. Ex. 1, at 84:2-25; Shapiro Decl. Ex. 2, at 54:2-14, 55:19-56:7; Pl.'s Opp'n 1-5, 18-19; Defs.' Reply 10, 12-14; Pl.'s 56.1 Stmt. Add'l Facts ¶¶ 46-48, 51; and Defs.' Resp. Pl.'s 56.1 Stmt. Add'l Facts ¶¶ 46-48, 51.

public access that attaches to the 2009 documents as judicial documents.

Defendants correctly note, on the other hand, that the documents and redactions at issue reveal operational details and other confidential information about an undercover law enforcement action. To the extent that information has not yet reached the public, Defendants' concern is legitimate. Defendants also note that further disclosures regarding the 2009 incident could prove to be prejudicial to Connolly when this matter proceeds to trial. Given that the Court has already found the information at issue to be irrelevant, taking such a risk—even if it is a small risk—is unwarranted. Defendants' Motion is accordingly GRANTED as it pertains to disclosure of irrelevant nonpublic information regarding the 2009 shooting.[9]

## CONCLUSION

The Parties shall file their respective summary judgment submissions on the public docket, in accordance with this Order, within 7 days.

SO ORDERED.

---

[9]. Specifically, the Court permits Defendants' proposed redactions to: Shapiro Decl. Ex. 1, at 95:12-97:25, 106:2-114:12, 114:20-117:25; Shapiro Decl. Ex. 2, at 41:21-25, 54:15-55:18, 56:12-57:25, 62:2-63:18, 64:17-65:21; Pl.'s 56.1 Stmt. Add'l Facts ¶¶ 49-50; and Defs.'

Resp. Pl.'s 56.1 Stmt. Add'l Facts ¶¶ 49-50. Additionally, Defendants' request to seal the Firearms Discharge Review Board Report regarding the 2009 shooting (Shapiro Decl. Ex. 17) and Connolly's deposition excerpts (Zimmerman Decl. Ex. I) is GRANTED.